Peter M. de Jonge, Utah Bar No. 7185
Jed H. Hansen, Utah Bar No. 10679
Kurtis M. Hendricks, Utah Bar No. 15626
Joseph M. Harmer, Utah Bar No. 15855
**THORPE NORTH & WESTERN, L.L.P.**
175 South Main Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 566-6633
Facsimile:  (801) 566-0750
dejonge@tnw.com
hansen@tnw.com
kurt.hendricks@tnw.com
joseph.harmer@tnw.com

*Attorneys for Plaintiff*,
Liberty Safe And Security Products, Inc.

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LIBERTY SAFE AND SECURITY PRODUCTS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN REBEL HOLDINGS, INC., a Nevada limited liability company, and CHAMPION SAFE COMPANY, INC., a Utah corporation,<br><br>Defendants. | Case No. 2:24-cv-00514-JCB<br><br>**COMPLAINT<br>WITH JURY DEMAND** |

Liberty Safe And Security Products, Inc. ("Liberty" or "Plaintiff") by and through its counsel, hereby files this Complaint with Jury Demand against Defendants American Rebel, LLC ("American Rebel") and Champion Safe Company, Inc. ("Champion" and together with American Rebel "Defendants") and alleges as follows:

1

## THE PARTIES

1. Plaintiff Liberty Safe And Security Products, Inc.is a Utah corporation with its principal place of business in Payson, Utah.

2. Upon information and belief, Defendant American Rebel Holdings, Inc. is a Nevada corporation with its principal place of business in Nashville, Tennessee.

3. Upon information and belief, Defendant Champion Safe Company, Inc. is Utah corporation with its principal place of business in Provo, Utah.

## JURISDICTION AND VENUE

4. Liberty brings this action pursuant to Lanham Trademark Act, Title 15, United States Code § 1051, *et seq.*, Utah Code Ann. §§ 13-11a-3, 13-5a-102, 103, 70-3a-403 and Utah common law.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1367, 1338 and 15 U.S.C. §§ 1114 and 1125.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over claims arising under state law or common law because those claims are so related to the federal trademark claims that they form part of the same case or controversy.

7. Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

8. Upon information and belief, this Court has personal specific jurisdiction over Defendants as they either are organized or domiciled in Utah, and/or have purposefully directed their activities toward state of Utah, causing harm suffered in the state of Utah, and this action is based upon activities that arise out of or relate to those contacts.

# GENERAL ALLEGATIONS

# LIBERTY'S TRADEMARKS

9. Liberty is the owner of U.S. Trademark Reg. No. 2,251,255 for FREEDOM SAFE for use in connection with "metal safes." *See* Exhibit A.

10. Liberty is also the owner of U.S. Trademark Reg. No. 3,550,252 for FREEDOM SECURITY for use in connection with "metal safes." *See* Exhibit A.

11. Liberty has used its FREEDOM SAFE and FREEDOM SECUIRTY marks in commerce since at least May 1997 and September 2005, respectively, and enjoys substantial federal and common law trademark rights in the FREEDOM SAFE and FREEDOM SECURITY marks. These rights are collectively referred to herein as the "Freedom Trademarks."

12. As a result of Liberty's long and extensive use of the Freedom Trademarks, the marks have become well known and highly respected in the safe industry.

13. Liberty's goods have been widely advertised and extensively promoted under the Freedom Trademarks, and the Freedom Trademarks have acquired significant goodwill and are assets of enormous value.

14. Upon information and belief, through Liberty's promotion and advertising under the Freedom Trademarks, the public has come to recognize Liberty's goods and services sold and marketed under the Freedom Trademarks as solely emanating from Liberty.

**DEFENDANTS' MISCONDUCT**

15. Upon information and belief, Defendants market and sells metal safes, and as a result, Defendants are a direct competitor with Liberty in the safe industry.

16. Upon information and belief, Defendants own and maintain the website located at www.americanrebel.com ("Defendant's Website").

17. Upon information and belief, Defendants use FREEDOM and the terms "Freedom-20 Gun Safe," "Freedom-30 Gun Safe" and "Freedom-50 Gun Safe" on Defendant's Website. *See* Exhibit B.

18. Upon information and belief, Defendants use FREEDOM and the terms "FREEDOM-20," FREEDOM-30" and "FREEDOM-50" directly on its metal safe products. *See* Exhibit B.

19. Upon information and belief, Defendants advertise their safes, including using FREEDOM on safes and on advertisements for safes, on social media, including at least Facebook and Instagram. A copy of Defendant Champion's advertisement for a safe using FREEDOM is attached as Exhibit C.

20. Upon information and belief, Defendant American Rebel owns Defendant Champion. Upon information and belief, Champion owns and maintains the website located at www.championsafe.com ("Champion Website").

21. Upon information and belief, the Champion Website shows that Defendants' safes are carried and sold by at least two dealers in the state of Utah, A1 Safe & Vault Services in North Salt Lake, Utah, and Champion Safe Outlet in Sandy, Utah. *See* Exhibit D.

22. Upon information and belief, A1 Safe & Vault Services offers for sale

Defendants' metal safe products using FREEDOM.

23. Upon information and belief, Champion Safe Outlet offers for sale, including displaying on its showroom floor, Defendants' meal safe products using FREEDOM.

24. Upon information and belief, Defendants have constructive notice that Liberty owns federal trademark registrations and trademark rights in the Freedom Trademarks.

25. Upon information and belief, Defendants infringe the Freedom Trademarks through their use of the mark and confusingly similar marks in connection with safes.

26. Defendants' actions are likely to cause consumer confusion as to the source of its goods, and cause a false association between Defendants and Liberty.

27. Upon information and belief, Defendants' actions have resulted in, and will continue to result in, substantial and irreparable harm to Liberty and to consumers.

28. Upon information and belief, Defendants intended to and did trade on the substantial goodwill associated with the Freedom Trademarks, and have intentionally misled the public into assuming a connection between Liberty and Defendants.

29. Upon information and belief, Defendants' actions constitute a knowing and willful false designation of origin of Defendants' goods.

30. Upon information and belief, Defendants' actions have caused and will continue to cause irreparable injury to Liberty.

## CAUSES OF ACTION

### COUNT I
#### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS
#### 15 U.S.C. § 1114

31. Liberty realleges and incorporates by reference all the foregoing paragraphs.

32. Liberty owns valid U.S. trademark registrations for the Freedom Trademarks.

33. Defendants' acts are likely to cause confusion, to cause mistake, or to deceive, and are trademark infringement pursuant to 15 U.S.C. § 1114.

34. Upon information and belief, Defendants' infringement of the Freedom Trademarks has caused and continues to cause damage and irreparable injury to the value and goodwill of the Freedom Trademarks as well as damage and cause irreparable injury to Liberty's goodwill, business, and reputation.

35. Upon information and belief, Defendants' actions are deliberate, willful, fraudulent, and constitute a knowing infringement of the Freedom Trademarks.

36. Liberty is entitled to injunctive relief under 15 U.S.C. § 1114.

37. Liberty is entitled to damages and to recover Defendants' profits, in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117(a).

38. Liberty is entitled to recover treble damages pursuant to 15 U.S.C. § 1117(b).

39. Liberty is entitled to an award of costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II
### FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### 15 U.S.C. § 1125(a)

40. Liberty realleges and incorporates by reference all of the foregoing paragraphs.

41. Liberty owns the Freedom Trademarks.

42. Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Liberty, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities.

43. Defendants' conduct constitutes false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a).

44. Upon information and belief, Liberty has been and will continue to be damaged by Defendants' actions.

45. Upon information and belief, Liberty has suffered actual damages and lost profits caused by Defendants' infringement of the Freedom Trademarks, in an amount to be proven at trial. Additionally, the harm to Liberty from Defendants' actions is not fully compensable by money damages. Liberty has suffered and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringement committed by Defendants is permanently enjoined.

46. Upon information and belief, Defendants knew of Liberty's trademark rights and willfully infringed the Freedom Trademarks and Defendants' actions are willful, intentional and/or deliberate.

47. Liberty is entitled to injunctive relief and monetary damages against

Defendants pursuant to 15 U.S.C. § 1117.

48. Liberty is entitled to an award of treble damages pursuant to 15 U.S.C. § 1117.

49. Liberty is entitled to an award of attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III
### UTAH DECEPTIVE TRADE PRACTICES
Utah Code Ann. § 13-11a-3

50. Liberty realleges and incorporates by reference all of the foregoing paragraphs.

51. Upon information and belief, Defendants have passed off their goods as those of Liberty.

52. On information and belief, Defendants have knowingly made false representations as to source, sponsorship, approval, or certification of Defendants' goods by use of the Freedom Trademarks, and did so having knowledge of the Freedom Trademarks.

53. Defendants' conduct is likely to cause confusion or misunderstanding as to affiliation, connection, or association between Defendants and Liberty.

54. Defendants' conduct constitutes a violation of the Utah Deceptive Trade Practices Act, Utah Code Ann. § 13-11a-3.

55. Liberty is entitled to recover damages for Defendants' conduct pursuant to Utah Code Ann. § 13-11a-4.

56. Liberty is entitled to recover attorneys' fees pursuant to Utah Code Ann. § 13-11a-4.

57. Liberty is entitled to enjoin Defendants from further use of its marks pursuant to Utah Code Ann. § 13-11a-4.

## COUNT IV
### UTAH UNFAIR COMPETITION
### Utah Code Ann. § 13-5a-101 *et seq.*

58. Liberty realleges and incorporates by reference all of the foregoing paragraphs.

59. Upon information and belief, Defendants have willfully, intentionally, and/or recklessly infringed the Freedom Trademarks.

60. Defendants' infringement of the Freedom Trademarks is unlawful.

61. Upon information and belief, Defendants' infringement of the Freedom Trademarks leads to a material diminution in value of the Freedom Trademarks.

62. Accordingly, Defendants' actions constitute unfair competition in violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101 *et seq.*.

63. Liberty has suffered actual damages, including lost profits, as a result of Defendants' unfair business practices in an amount to be proven at trial. Additionally, the harm to Liberty arising from these acts is not fully compensable by money damages. Liberty has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the unfair competition committed by Defendants are permanently enjoined.

64. Liberty is entitled to damages in an amount to be proven at trial pursuant to Utah Code Ann. § 13-5a-103.

65. Liberty is entitled to punitive damages in an amount to be proven at trial pursuant to Utah Code Ann. § 13-5a-103.

66. Liberty is entitled to costs and attorneys' fees Pursuant to Utah Code Ann. § 13-5a-103.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in Liberty's favor as follows:

A. That the Court enter judgment declaring that Defendants' actions infringe Plaintiff's registered Freedom Trademarks in violation of 15 U.S.C. § 1114;

B. That the Court enter judgment declaring that Defendants' actions infringe Plaintiff's common law trademark rights in the Freedom Trademarks in violation of the Lanham Act, 15 U.S.C. § 1125;

C. That the Court enter judgment declaring that Defendants' actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125;

D. That the Court enter judgment that Defendants are liable for deceptive trade practices under Utah Code Ann. § 13-11a-3;

E. That the Court enter judgment declaring that Defendants' conduct constitutes unfair competition in violation of Utah Code Ann. §13-5a-101 *et seq.*;

F. That the Court preliminarily and permanently enjoin Defendants from using the term "freedom" or any term that infringes the Freedom Trademarks or unfairly competes with Liberty and the Freedom Trademarks;

G. That the Court require Defendants to pay monetary damages to Liberty in an amount to be proven at trial;

H. That the Court require Defendants to pay prejudgment and post-judgment interest until such awards are paid;

I.      That the Court require Defendants to pay treble damages in an amount to be proven at trial;

J.      That the Court award Liberty punitive damages;

K.      That the Court require Defendants to pay Liberty's costs and attorneys' fees incurred in this action;

L.      That Liberty have such other and further relief as shall seem just and proper to the Court.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Liberty hereby demands a jury trial on all claims and issues so triable.

DATED: July 23, 2024

**THORPE NORTH & WESTERN, LLP**

*/s/ Peter M. de Jonge*
Peter M. de Jonge
Jed H. Hansen
Kurtis M. Hendricks
Joseph M. Harmer

*Attorneys for Plaintiff,*
Liberty Safe And Security Products, Inc.